UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TRACEY D. R.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CASE NO. 2:26-CV-434-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of Defendant's denial of her application for supplemental security income ("SSI").[1] The Court concludes that the ALJ erred in evaluating Plaintiff's subjective symptom testimony. Had the ALJ properly considered Plaintiff's testimony, the residual functional capacity ("RFC") may have included additional limitations, or the ultimate determination of disability may have changed. The ALJ's error, therefore, is not harmless, and this matter is reversed and remanded

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

pursuant to sentence four of 42 U.S.C. § 405(g), to the Commissioner of the Social Security Administration for further proceedings consistent with this order.

**I. Procedural History**

Plaintiff filed her application for SSI on March 29, 2023, alleging disability as of January 1, 2020. Administrative Record ("AR") 53–54. Her claim was denied initially on December 4, 2023, and upon reconsideration on June 10, 2024. AR 53, 64. A hearing was held before ALJ Michael Larner ("the ALJ") on February 10, 2025, who issued a decision denying Plaintiff's claim on March 14, 2025. AR 17, 31. The Appeals Council denied Plaintiff's request for review on December 2, 2025, making the ALJ's decision the Commissioner's final decision subject to judicial review. AR 1. From this decision, Plaintiff filed a complaint with this Court on February 10, 2026, seeking judicial review of the ALJ's decision denying benefits. Dkt. 4.

**II. Standard of Review**

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of benefits if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citation omitted). "We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which [they] did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

"[H]armless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a). Generally, an error is harmless if it is not prejudicial to the claimant and is "inconsequential to

the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115.

## III. Discussion

Plaintiff argues that the ALJ erred in evaluating: (1) her subjective symptom testimony; and (2) certain medical opinion evidence. Dkt. 10 at 1.

### A. Subjective Symptom Testimony

First, Plaintiff argues that the ALJ "improperly rejected [her] testimony regarding her migraines and headaches." Dkt. 10 at 3.

"An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible." *Smith v. Kijakazi*, 14 F.4th 1108, 1111 (9th Cir. 2021) (citation omitted). The first step requires an ALJ to determine "whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* (citation omitted). This objective medical evidence does not have to corroborate the severity of the alleged symptoms, rather, "the medical evidence need only establish that the impairment could reasonably be expected to cause some degree of the alleged symptoms." *Id.*

If a claimant has satisfied the first step, and there is no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of [their] symptoms only by offering specific, clear, and convincing reasons for doing so." *Id.* at 1112 (citation omitted). As with all findings by the ALJ, however, the specific, clear, and convincing reasons for rejecting the claimant's testimony about the severity of their symptoms must also be supported by substantial evidence in the record. 42 U.S.C. § 405(g); *see also Bayliss*, 427 F.3d at 1214 n.1.

At her hearing, Plaintiff testified that she has headaches "every day, it's just some days are debilitating where I cannot get up out of bed or raise my head without wanting to vomit or cry." AR 47–48. When asked how frequently she experienced "a debilitating episode" of migraine headaches, Plaintiff responded "[a]bout three quarters of the month" but "there's maybe like a week, there's a time that I have a good day, maybe." AR 48.

The ALJ found that Plaintiff's impairments could reasonably be expected to cause some of the alleged symptoms, and did not state that there was any evidence of malingering. AR 24. The ALJ, therefore, was required to offer specific, clear, and convincing reasons for discounting Plaintiff's subjective symptom testimony. *See Smith*, 14 F.4th at 1111.

Here, the ALJ sought to do so based upon inconsistencies with the longitudinal record and Plaintiff's activities of daily living. AR 24. These are proper bases for an ALJ to discount a claimant's subjective symptom testimony. *See Carmickle v. Comm'r. Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (holding that "[c]ontradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony"); *see also Molina*, 674 F.3d at 1113 ("[T]he ALJ may discredit a claimant's testimony when the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting[.]").

i. *Inconsistencies with the Medical Record*

The ALJ found that Plaintiff's allegations were "inconsistent with the objective medical evidence of record." AR 24.

Nonetheless, as Plaintiff argues, the ALJ found Plaintiff's "migraines" a severe impairment at Step Two, AR 19, and an ALJ "cannot effectively render a claimant's subjective symptom testimony superfluous by demanding positive objective medical evidence fully corroborating every allegation within the subjective testimony." *Smartt v. Kijakazi*, 53 F.4th 489,

498 (9th Cir. 2022) (internal quotation marks, brackets, and citation omitted). Indeed, in the context of migraines, the Ninth Circuit has held that an ALJ failed to offer specific, clear, and convincing reason for discounting a claimant's subjective testimony regarding migraine headaches where "the ALJ never expressly and specifically stated that [the claimant]'s *headache* symptom testimony was inconsistent with any particular record evidence, as it was required to do." *Ferguson v. O'Malley*, 95 F.4th 1194, 1200 (9th Cir. 2024) (emphasis in original).

Here too, in discounting Plaintiff's subjective symptom testimony based upon inconsistencies with the record, the ALJ never expressly and specifically stated that Plaintiff's migraine headache symptom testimony was inconsistent with any particular record evidence. *See* AR 24–25. When discussing alleged inconsistencies with the record, the ALJ acknowledged Plaintiff's migraine headache testimony, "that she experiences migraines 1-2 times per week with associated photophobia, sound sensitivity, and nausea[,]" and that "her headaches lasted 2-3 days." AR 25. In turn, however, the ALJ does not identify any medical evidence in the record that is inconsistent with this testimony. *See id.*[2]

Earlier in the decision, the ALJ acknowledged Plaintiff's hearing testimony about her migraines, that she experienced "daily headaches, with debilitating headaches on some days,

---

[2] The ALJ cites to CT scans, x-rays, an "image study[,]" and a consultative examination to support his finding of inconsistencies with the record. AR 24–25. The Court, however, observes that the ALJ's decision chronicles "mild degenerative disc changes . . . moderate degenerative disc disease at L5-S1 and mild multilevel facet arthropathy of the lower lumbar spine[.]" AR 24. Subsequent x-rays for Plaintiff's "carpal tunnel syndrome" revealed "complain[ts] of pain with associate decreased sensation in her fingers[,] . . . diffuse tenderness throughout the wrist and palm, tenderness into the forearm and elbow, faint swelling in the right hand[.]" AR 25. The ALJ also cites to a consultative physical examination as inconsistent with Plaintiff's testimony, but, as the ALJ acknowledges, at that appointment, Plaintiff "had mild difficulty rising from a chair, marked difficulty getting on and off the exam table without assistance, some difficulty picking up paperclips from a flat surface, some difficulty buttoning a shirt and zipping a jacket" and "exhibited severe pain . . . on examination of the bilateral upper extremities[.]" *Id.* Likewise, Plaintiff "was unable to squat or walk on heels and toes[,]" and exhibited "decreased range of motion in the bilateral shoulders, cervical spine, lumbar spine, bilateral hips, bilateral knees, and bilateral ankles." *Id.* It is unclear to the Court how these findings—which exclusively pertain to Plaintiff's severe physical impairments—are in any way inconsistent with Plaintiff's testimony regarding her migraine headaches; nor does the ALJ state how these findings, generally, are inconsistent with Plaintiff's broader subjective symptom testimony regarding her physical limitations.

which include nausea and vomiting. [Plaintiff] testified that she has debilitating headaches 3/4 of the month." AR 23–24. There too, however, the ALJ does not identify any evidence in the record that is inconsistent with this testimony, nor does the ALJ address this hearing testimony when identifying inconsistencies with the record, nor elsewhere in the decision. *See* AR 23–25.

As in *Ferguson*, the ALJ's failure to demonstrate an inconsistency between Plaintiff's testimony regarding migraine headaches and any particular record evidence was error because an ALJ has a duty to "set forth" their reasoning "in a way that allows for meaningful review[,]" *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015), which requires building an "accurate and logical bridge from the evidence to [the ALJ's] conclusions." *Michael D. v. Comm'r of Soc. Sec.*, No. 2:22-CV-464-DWC, 2022 WL 4377400, at *3 (W.D. Wash. Sept. 22, 2022) (quoting *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003)). For this reason, the Court concludes that the ALJ's finding that Plaintiff's subjective symptom testimony regarding her migraine headaches was inconsistent with the record, itself, was not a specific, clear, and convincing reason for discounting Plaintiff's symptom testimony.

ii. *Activities of Daily Living*

The ALJ also found that Plaintiff's migraine testimony was inconsistent with her activities of daily living because, "[d]espite her impairments, [Plaintiff] has engaged in a somewhat normal level of daily activity and interaction" including "spending time on her smartphone, performing household chores, caring for her hygiene independently, preparing meals, shopping, driving, using public transportation, and socializ[ing] with friends every other week." AR 24. Plaintiff argues that the ALJ erred in finding these activities inconsistent with Plaintiff's testimony because "at no point did the ALJ ever suggest that these activities would be

inconsistent with Plaintiff's migraines beyond a broad generalization that th[ese] would render Plaintiff's testimony unsupported." Dkt. 12 at 1–2.

In *Ferguson*, the Ninth Circuit noted it had "repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day." *Ferguson*, 95 F.4th at 1203 (citation omitted). In concluding that the ALJ in that case had erred in evaluating the plaintiff's subjective symptom testimony regarding headaches, the Ninth Circuit observed that "the ALJ did not explain how, in his view, [the plaintiff]'s testimony about those daily activities is inconsistent with [the plaintiff's] testimony about the severity and frequency of his headaches. And we see no reasonable inference that such an inconsistency exists." *Id.*

In the present case, despite finding that "spending time on her smartphone, performing household chores, caring for her hygiene independently, preparing meals, shopping, driving, using public transportation, and socializ[ing] with friends every other week" were inconsistent with Plaintiff's testimony—here too, the ALJ does not explain how, in his view, these activities were inconsistent with Plaintiff's testimony about the severity and frequency of her migraine headaches. *See* AR 24. The Court does not see a "reasonable inference that such an inconsistency exists" between the activities identified, and testimony here, either. *Ferguson*, 95 F.4th at 1203.

Plaintiff did not testify that her headaches preempted any activity *whatsoever*, or that she experienced migraines in perpetuity, *see* AR 47–48, 1269, but that "it's just *some days* are debilitating where I cannot get up out of bed or raise my head without wanting to vomit or cry." AR 47–48 (emphasis added). Debilitating episodes of migraines were frequent, approximately

three-quarters of the month according to Plaintiff, but "there's maybe like a week, there's a time that [Plaintiff] ha[s] a good day, maybe." AR 48.

"Because there is no inconsistency between [Plaintiff]'s headache testimony and h[er] daily activities, the ALJ's reference to that purported inconsistency is not a specific, clear, and convincing reason to discount [Plaintiff]'s headache testimony." *Ferguson*, 95 F.4th at 1203. For this reason, the Court concludes that the ALJ erred in discounting Plaintiff's subjective symptom testimony regarding her migraine headaches based upon her activities of daily living.

In sum, the ALJ failed to offer specific, clear, and convincing reasons for discounting Plaintiff's testimony about her migraine headaches. Applying the harmless error analysis, the Court concludes that the ALJ committed harmful error in evaluating Plaintiff's subjective symptom testimony because, had the ALJ properly considered Plaintiff's limitations, the RFC may have included additional limitations, or the ALJ's ultimate determination of disability may have changed. The ALJ's error, therefore, is not harmless, and the proper disposition is to reverse and remand the matter for additional proceedings. *See Stout*, 454 F.3d at 1055; *see also Molina*, 674 F.3d at 1115.

B. Remaining Issues

In light of this disposition, the Court need not address Plaintiff's remaining arguments about the medical opinion evidence because, on remand, the ALJ is instructed to reconsider the entire Social Security sequential process, including the medical opinion evidence and Plaintiff's subjective symptom testimony. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("[A]n RFC that fails to take into account a claimant's limitations is defective.").

//

//

## IV. Conclusion

Based on the foregoing reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED**.

Dated this 12th day of August, 2026.

David W. Christel
United States Magistrate Judge